CITY OF PATERSON, PROSECUTOR, v. JAMES BAKER ET AL., CONSTITUTING THE STATE BOARD OF TAXES AND ASSESSMENT ET AL., RESPONDENTS.

Submitted May 13, 1927—Decided November 11, 1927.

**Taxes and Assessments—Owners Appeal to County Board, Which Reduced Assessment—City Appeals to State Board, Which Sustains County Board—On City's Certiorari it is Held That State Board, in Effect, Did Not Consider Evidence Produced by Prosecutor, That This Should be Considered and to That End There Should be a Rehearing Before the State Board.**

On writ of *certiorari*.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Benjamin J. Spitz*.

For the respondents, *James J. Murner*.

PER CURIAM.

This case is before us on a writ of *certiorari* obtained by the city of Paterson to review the action of the state board of taxes and assessment with reference to the valuation for assessment purposes of property in the city of Paterson, designated as Nos. 199-203 Market street. In the month of October, 1925, the property was assessed for the purposes of taxation for the year 1926 at $92,400 for the land and $35,000 for the building. The owners took an appeal to the Passaic county board of taxation which reduced the assessment on the land to $73,920, and on the building to $30,000, and canceled an assessment of $750 on personalty. The city of Paterson appealed to the state board. The state board heard the appeal at the court house in Paterson on November 5th, 1926.

The city offered the testimony of Francis Boyle, Frank W. Furrey, Sorren Hansen, John F. Lee and Jacob Silverman. Boyle was the assessor who fixed the valuation. The others were expert witnesses. A motion was made at the conclusion of the city's testimony to dismiss the petition on the ground that the city had failed to offer any scintilla of evidence of the real market value of the property. The expert witnesses mentioned had sworn to a land value of $2,000 a front foot. There was also testimony that $35,000 was the value of the building. Decision upon this motion was reserved. The owners then called Bernard Freimark, a real estate expert. He was not, however, permitted to testify on the matter for which he was called and we fail to find in his testimony any valuation of the property given by him. Jacob Munzer, one of the owners of the property, was called as a witness. He testified that he did not think that the land was worth any more than $73,920 and the building $30,000. He testified that the value of the land and building was $85,000 but admitted that it was mortgaged for $100,000. The record fails to disclose any decision on the motion reserved but the record shows that the assessment made by the county board of taxation was affirmed and appeal dismissed.

We have reached the conclusion that the state board, in effect, allowed the motion made in behalf of the owners and did not consider the evidence produced by the prosecutor. This should have been considered. There should be a rehearing of this case before the state board.

The assessment fixed by the state board will be set aside and the case remanded to the state board for a rehearing.